UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC, PATENT LITIGATION         MDL No. 2722

**TRANSFER ORDER**

**Before the Panel:**[*] Certain accused infringers or declaratory judgment plaintiffs[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the District of Delaware or the Northern District of California. This litigation consists of 14 actions, pending in two districts, as listed on Schedule A.[2]

Defendant Ruckus Wireless, Inc. (Ruckus) supports centralization in the Northern District of California. Six defendants[3] also support centralization in that district but do not oppose a District of Delaware transferee forum. Defendant Cox Communications, Inc., supports centralization in the District of Delaware but does not oppose the Northern District of California. Patentholder Mobile Telecommunications Technologies, LLC (MTel) opposes centralization and, alternatively, suggests that the Eastern District of Texas be selected as the transferee district.

At issue in this litigation are three patents owned by MTel: U.S. Patent Nos. 5,590,403 (the '403 Patent, which provides for a "method and system for efficiently providing two way communication between a central network and mobile unit"), 5,915,210 (the '210 Patent, a "method and system for providing multicarrier simulcast transmission"), and 5,659,891 (the '891 Patent, a

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Time Warner Cable Inc., Time Warner Cable Enterprises LLC, and Time Warner Cable Texas LLC; Bright House Networks, LLC; Charter Communications Inc.; ARRIS Group, Inc.; Ubee Interactive, Inc.; and Brocade Communications Systems, Inc. Movant Brocade notes that it prefers centralization in the Northern District of California but it does not oppose the District of Delaware as a transferee forum.

[2] The motion for centralization initially included fifteen actions, but an Eastern District of Texas action was dismissed during the pendency of the motion.

[3] Aruba Networks, Inc. (Aruba), Hewlett Packard Enterprise Co. and HP Inc. (collectively HP), Aerohive Networks, Inc. (Aerohive), Xirrus, Inc. (Xirrus), and Juniper Networks, Inc. (Juniper).

- 2 -

method for "Multicarrier techniques in bandlimited channels"). The patents reportedly expired on or before June 7, 2015.

On the basis of the papers filed and hearing session held, we find that these fourteen actions involve common questions of fact, and that centralization in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In all of the infringement actions, MTel asserts that manufacturers or downstream users of various types of WiFi-related equipment – *e.g.*, cable modems, wireless access points, WLAN controllers and modems/wireless router gateways – that comply with the IEEE 802.11 a, g, n, and/or ac standards directly or indirectly infringed the patents. Similarly, the declaratory judgment manufacturer plaintiffs Arris and Ubee seek declarations that the full range of their products do not infringe the patents. They state in their briefs that approximately 150 products are implicated, as opposed to the handful of their products used by consumer defendants in the Eastern District of Texas actions. Centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly on such issues as claim construction, as well as conserve the resources of the parties, their counsel and the judiciary.

MTel opposes centralization for several reasons, all of which fail to convince us that centralization of this litigation is inappropriate. MTel argues that, because several manufacturers or downstream users are represented by common counsel, there are only a limited amount of counsel to these actions, which makes informal cooperation among the parties and the courts a viable alternative to Section 1407 centralization. Though movants are represented by common counsel, there are still at least five firms representing eight other defendants, which makes informal coordination significantly more challenging. MTel also asserts that the accused infringing devices are highly configurable, so the infringement of the method claims of the patents (the majority of asserted claims) will vary from defendant to defendant. While the patents do involve method claims, we have on several occasions centralized litigation involving different products which allegedly infringe a common patent or patents. *See, e.g.*, *In re: Method of Processing Ethanol Byproducts and Related Subsystems ('858) Pat. Litig.*, 730 F. Supp. 2d 1379 (J.P.M.L.2010) (centralizing eleven actions alleging infringement of a common patent related to the processing of byproducts of ethanol production). Despite any variations in how the accused infringers reportedly configured their devices, centralization is necessary in light of the need to consistently interpret MTel's similar claims brought here against various cable industry players.

We are of the view that the District of Delaware is the appropriate transferee district for pretrial proceedings in this litigation. All parties except Ubee (a Taiwanese company) and Xirrus (a California company) are incorporated in Delaware. Manufacturers Ubee and Arris have filed declaratory judgment actions there, and a third action was filed there by customer defendant Bright House in anticipation of dismissal of the Eastern District of Texas action against it for lack of personal jurisdiction. Chief Judge Leonard P. Stark presides over all three District of Delaware

- 3 -

actions. Judge Stark is an experienced transferee judge who is well-versed in complex and multi-party patent litigation. We are confident in his ability to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Leonard P. Stark for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Charles R. Breyer | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC, PATENT LITIGATION      MDL No. 2722

## SCHEDULE A

<u>District of Delaware</u>

ARRIS GROUP, INC. v. MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, C.A. No. 1:16-00259
UBEE INTERACTIVE, INC. v. MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, C.A. No. 1:16-00260
BRIGHT HOUSE NETWORKS, LLC v. MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, C.A. No. 1:16-00277

<u>Eastern District of Texas</u>

MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. TIME WARNER CABLE INC., ET AL., C.A. No. 2:16-00007
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. BRIGHT HOUSE NETWORKS, LLC, ET AL., C.A. No. 2:16-00008
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC V CHARTER COMMUNICATIONS, INC., C.A. No. 2:16-00009
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. COX COMMUNICATIONS, INC., C.A. No. 2:16-00010
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. ARUBA NETWORKS, INC., ET AL., C.A. No. 2:16-00012
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. BROCADE COMMUNICATIONS SYSTEMS, INC., C.A. No. 2:16-00013
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. JUNIPER NETWORKS, INC., C.A. No. 2:16-00014
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. RUCKUS WIRELESS, INC., C.A. No. 2:16-00466
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. AEROHIVE NETWORKS, INC., C.A. No. 2:16-00468
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. XIRRUS, INC., C.A. No. 2:16-00471
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. FIRETIDE, INC., C.A. No. 2:16-00474