# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC, PATENT LITIGATION**                    MDL No. 2722

## TRANSFER ORDER

    **Before the Panel:**[*]  Defendant Cellco Partnership d/b/a Verizon Wireless (Verizon) moves under 28 U.S.C. § 1407(c) to transfer the Eastern District of Texas action listed on Schedule A to the District of Delaware for inclusion in MDL No. 2722.  Defendant Mobile Telecommunications Technologies, LLC (MTel) opposes transfer.

    After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2722, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Transfer is warranted for the reasons set out in our order directing centralization.  In that order, we held that the District of Delaware was an appropriate Section 1407 forum for actions sharing factual questions arising from the alleged infringement of three patents relating to wireless telecommunications owned by MTel: U.S. Patent Nos. 5,590,403 (the '403 Patent, which provides for a "method and system for efficiently providing two way communication between a central network and mobile unit"), 5,915,210 (the '210 Patent, a "method and system for providing multicarrier simulcast transmission"), and 5,659,891 (the '891 Patent, a method for "Multicarrier techniques in bandlimited channels").  The patents reportedly expired on or before June 7, 2015.  *See In re Mobile Telecommunications Techs., LLC, Pat. Litig.*, ___ F. Supp. 3d. ___, 2016 WL 4153603, at *1 (J.P.M.L., Aug. 5, 2016).

    While the *Verizon* action relates to 4G LTE cellular technology instead of the WiFi technology at issue in the MDL, the same three patents are alleged to have been infringed, as well as an additional patent from the same patent family – Patent No. 5,581,804 (the '804 Patent, entitled ""Nationwide Communication System").  The parties' briefing on the issue of transfer has demonstrated the significant factual overlap among the MDL actions and *Verizon* – including the common OFDM and MIMO functionalities underlying both WiFi and 4G LTE technology and defendant Verizon's previous license of the patents.  Moreover, the new '804 Patent shares common inventors with the '403, '210 and '891 Patents, so there likely will be common issues of conception, reduction to practice, and inventorship among all four patents.  Verizon also appears to be sensitive to disrupting the progress of the other MDL actions, inasmuch as it has agreed to accept the claims construed at the upcoming *Markman* hearing (though it reserves its right to appeal such constructions

---

    [*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

-2-

and may seek to have additional claim terms construed).  Centralization will place all actions concerning these MTel patents before the transferee judge, thereby reducing the risk of inconsistent pretrial rulings on issues of claim construction and discovery disputes (several of which already have arisen in the MDL) and helping conserve party and judicial resources.

Patentholder MTel opposes transfer of *Verizon*, arguing that the technology underlying the patents is too different to benefit from transfer, that transfer will disrupt the MDL's progress and that informal coordination is a workable alternative to Section 1407 transfer.  We are not persuaded by these arguments.  We often transfer actions involving the alleged infringement of a common patent or patents despite the alleged uniqueness of the technology involved.[1]  Informal coordination of the actions also appears to be less advantageous than transfer in these circumstances.  Denying transfer unnecessarily increases the risk of inconsistent judgments on common claim terms and other issues, such as discovery into Verizon's prior license of the MTel patents.[2]  The transferee judge, of course, is "empowered to establish a separate discovery schedule for any issues unique to [*Verizon*] and discovery on such issues can proceed concurrently with the other discovery in this litigation," *In re: Equity Funding Corp. of Am. Sec. Litig.*, 397 F. Supp. 884, 886 (J.P.M.L. 1975).

---

[1]  *See In re: Bear Creek Techs., Inc., ('722) Pat. Litig.*, 858 F. Supp. 2d 1375,1379-80 (J.P.M.L. 2012) ("[W]hile the facts surrounding infringement in this litigation may vary from defendant to defendant, the actions will share substantial background questions of fact concerning the . . . validity and enforceability of the '722 patent and implicating factual issues concerning such matters as the technology underlying the patent, prior art, priority (such as the contention that the patent was abandoned in 2003) and/or claim construction."); *see also In re: Maxim Integrated Prods., Inc., Pat. Litig.*, 867 F. Supp. 2d 1333, 1334 (J.P.M.L. 2012) (holding that "[t]here could very well be some variances in terms of the technology employed with the various defendants' respective mobile applications or the circumstances surrounding the alleged infringement, but '[t]ransfer under Section 1407(a) does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.'") (citations omitted).

[2]  MTel's arguments that transfer will hinder the efficient progress of the MDL are undercut by the fact that it has previously brought claims regarding WiFi technology and 4G LTE technology in the same case.  *See MTel v. AT&T Mobility, LLC*, E.D. Texas, C.A. No. 2:14-cv-897, Doc. 64, ¶ 8.

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Leonard P. Stark for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Sarah S. Vance
Chair

Charles R. Breyer          R. David Proctor
Ellen Segal Huvelle        Catherine D. Perry

**IN RE: MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC, PATENT LITIGATION**                    MDL No. 2722

## SCHEDULE A

<u>Eastern District of Texas</u>

MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC v. CELLCO
PARTNERSHIP D/B/A VERIZON WIRELESS, C.A. No. 2:16-1324